**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTWONE HOOKS,<br><br>                Plaintiff,<br><br>      v.<br><br>CITY OF BATAVIA, OFFICER THOMAS DOGGETT (STAR NO. 154), and OFFICER GEORGE A. GRAMME (STAR NO. 155),<br><br>                Defendants. | Case No. 13 C 1857<br><br>Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss of Defendants Thomas Doggett and George Gramme. For the reasons stated herein, the Motion is granted.

**I. BACKGROUND**

On March 16, 2011, Defendant Officers Thomas Doggett and George Gramme (collectively, hereinafter, the "Defendants") stopped Plaintiff Antwone Hooks ("Plaintiff") while he walked on a public sidewalk in Batavia, Illinois. Defendants ordered Plaintiff to produce identification, and Plaintiff complied. Defendants then initiated an arrest of Plaintiff for criminal trespass, but Plaintiff resisted. Eventually, Defendants completed the arrest, and Plaintiff was charged subsequently with criminal trespass, aggravated battery, and resisting arrest. Of

those three charges, Plaintiff was convicted only of resisting arrest.

Plaintiff brought this lawsuit against Defendants, alleging several claims under 42 U.S.C. § 1983. Defendants Doggett and Gramme now move to dismiss Counts IV (false arrest) and V (equal protection) of Plaintiff's Complaint.

## II. LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). That is, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). On a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded facts in Plaintiff's Complaint and draws all inferences in his favor. *Cole v. Milwaukee Area Tech. Coll. Dist.,* 634 F.3d 901, 903 (7th Cir. 2011).

## III. DISCUSSION

### A. Procedural Error

Plaintiff argues that Defendants' Motion to Dismiss should be denied because it is procedurally improper and untimely. Pl.'s Resp. at 2. This Court gave Defendants leave to file their Motion and set a briefing schedule for it on August 22, 2013. *See.* ECF No. 22. While Plaintiff argues that the Motion to

Dismiss was filed after the Answer, a review of the docket shows that the Defendants filed their Motion to Dismiss Counts IV and V at the same time they answered Counts I-III. *See,* ECF Nos. 17, 19. Accordingly, the timing of Defendants' motion is not a basis for denying it.

### B. False Arrest

A false arrest is an arrest made without probable cause in violation of the Fourth Amendment. *Bentz v. City of Kendallville,* 577 F.3d 776, 779 (7th Cir. 2009). Such an arrest is actionable under 42 U.S.C. § 1983 when the arresting party acted under the color of state law and deprived the plaintiff of a constitutionally protected right. *See, Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 760 (7th Cir. 2006). Such a claim cannot proceed, however, if it would invalidate a criminal conviction, or if there actually was probable cause for the arrest. *See, Heck v. Humphrey,* 512 U.S. 477 (1994); *Friedman v. Vill. of Skokie,* 763 F.2d 236, 239 (7th Cir. 1985). The Court will examine both issues. The Court notes that while it is generally improper to consider facts outside of a plaintiff's complaint on a motion to dismiss, courts can take judicial notice of other proceedings that "have a direct relation to [the] matters at issue." *Opoka v. I.N.S.,* 94 F.3d 392, 394 (7th Cir. 1996) (stating that courts have an "obligation" to take judicial notice

of proceedings in other courts, "if the proceedings have a direct relation to matters at issue"). Accordingly, in examining whether there was probable cause, this Court takes judicial notice of Plaintiff's criminal trial involving the incident at issue, in which he was convicted of resisting arrest.

### 1. *The Heck Doctrine*

Defendants assert that Plaintiff's false arrest claim is barred by the Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477 (1994). The *Heck* doctrine states that "arguments attacking the validity of a conviction cannot be advanced under § 1983 unless the conviction or sentence previously has been invalidated." *Polzin v. Gage,* 636 F.3d 834, 836 (7th Cir. 2011). A plaintiff's § 1983 claim is improper if success on that claim would undermine the validity of the plaintiff's criminal conviction. *See, Hardrick v. City of Bolingbrook,* 522 F.3d 758, 762 (7th Cir. 2008). "To properly apply *Heck's* bar against certain damage actions, a district court must analyze the relationship between the plaintiff's § 1983 claim and the charge on which he was convicted." *Id.* (quoting *Van Glider v. Baker,* 435 F.3d 689, 691 (7th Cir. 2006)).

Judge Blanche Manning analyzed the applicability of the *Heck* doctrine to circumstances very similar to the present case in *Harper v. Mega,* 96 C 1892, 1998 U.S. Dist. LEXIS 12535 (N.D. Ill.

Aug. 7, 1998). In *Harper,* the plaintiff was convicted of resisting arrest, acquitted of a disorderly conduct charge and had a battery charge dismissed later. *Id.* at *3. The plaintiff brought a § 1983 claim against an officer for arresting him without probable cause and a state law claim of false arrest, which were premised expressly on the underlying charges of battery and disorderly conduct. *Id.* at *12-13.

The defendant officer moved to dismiss the false arrest claim on the theory that the claim was barred by the *Heck* doctrine. *Id.* The court noted that *Heck* would bar a false arrest claim based on the resisting arrest charge, since a ruling in favor of the plaintiff on that claim would necessarily undermine the validity of his conviction for resisting arrest. *Id.* at *13-14. However, as the court explained, the plaintiff's false arrest claim challenged "his underlying arrest for battery and disorderly conduct, rather than his conviction for resisting arrest." *Id.* at *14. The court, therefore, found the *Heck* doctrine inapplicable, "as a conviction for resisting arrest does not bar a claim for false arrest based on the underlying charges where no conviction was rendered on those charges." *Id.*

This Court agrees with *Harper's* analysis of the *Heck* doctrine. Plaintiff's success on his false arrest claim, which he claims is based exclusively on his arrest for trespass, would

not necessarily undermine the validity of his resisting arrest conviction. As such, the Court finds that Plaintiff's false arrest claim is not barred by the *Heck* doctrine.

### *2. Probable Cause*

Having found that the *Heck* doctrine did not bar a false arrest claim, the *Harper* court considered whether the complaint stated a claim for false arrest under § 1983. *Harper,* 1998 U.S. Dist. LEXIS 12535 at *14. In his complaint, Harper contended that his false arrest claim was based solely on his arrest for the underlying charges of battery and disorderly conduct, for which he was not convicted, and that his conviction for resisting arrest was therefore irrelevant. *Id.* at *13-14.

Harper's argument nonetheless failed. Under § 1983, the existence of probable cause bars a claim for false arrest. *Id.* at *14. The court explained that Seventh Circuit precedent holds that "the effect of a finding of probable cause is not limited to the exact offense which matches the finding of probable cause." *Id*. at *15 (quoting *Kelley v. Myler,* 149 F.3d 641, 648 (7th Cir. 1998)). Instead, "'proof of probable cause to arrest the plaintiff on a closely related charge is also a defense' to a § 1983 suit based on an alleged false arrest." *Id.* at *16. The court in *Harper* concluded that the charges of batter, disorderly conduct and resisting arrest all arose from the same incident.

*Id.* at *16. Indeed, the court noted that "the Seventh Circuit has clearly held that a charge of resisting arrest is closely related to an underlying charge." *Id.* at *17; *see also, Dufour-Dowell v. Cogger*, 969 F.Supp. 1107, 1114 (7th Cir. 1997). The *Harper* court thus found that, in light of Seventh Circuit precedent, the charge of resisting arrest was related closely with the underlying charges of battery and disorderly conduct. *Harper,* 1998 U.S. Dist. LEXIS 12535 at *17-18. As such, the existence of probable cause to arrest the plaintiff for resisting arrest barred his § 1983 claim for false arrest on the closely related charges of battery and disorderly conduct, and the court dismissed his claim. *Id.* at 18.

In the present case, Plaintiff asserts the same argument as did the plaintiff in *Harper*: that his false arrest claim is based solely on the underlying trespass charge, and that his conviction for resisting arrest is therefore irrelevant. Specifically, Plaintiff argues that Defendants perpetrated three separate and distinct seizures upon him: when they stopped Plaintiff on the sidewalk without probable cause; when they arrested Plaintiff for trespass without probable cause; and when they arrested Plaintiff for resisting arrest with probable cause. Relying upon this theory, Plaintiff contends that he can bring a false arrest claim based solely on the second seizure.

- 7 -

For the reasons outlined in *Harper,* this argument fails. The Seventh Circuit has made it clear that a resisting arrest charge is related closely to an underlying charge, and that probable cause for either charge is therefore sufficient to preclude a false arrest claim as to either charge. *Kelley,* 149 F.3d at 648-49; *Dufour-Dowell,* 969 F.Supp. at 1114. Indeed, this is one way a false arrest claim is distinguished from a malicious prosecution claim. In *Holmes v. Vill. of Hoffman Estates,* 511 F.3d 673, 682 (7th Cir. 2007), the Seventh Circuit explained that probable cause for *any* charge precludes a false arrest claim, even if there was no probable cause for the underlying offense. *Id.* at 682. But for malicious prosecution claims, probable cause for one charge does *not* preclude a claim for a related but distinct charge for which there was no independent probable cause. *Id*. In explaining this difference, the Court said:

> [l]ogic supports the distinction. An arrested individual is no more seized when he is arrested on three grounds rather than one; and so long as there is *a* reasonable basis for the arrest, the seizure is justified on that basis even if any other ground cited for the arrest was flawed. But when it comes to prosecution, the number and nature of the charges matters. . . . [W]hen an officer prepares and signs a criminal complaint, he typically will have more of an opportunity to reflect on the nature and ramifications of the accused's conduct than he did in making the arrest. It is reasonable to demand that each charge that a police officer elects to lodge against the

- 8 -

> accused be supported by probable cause. Otherwise, police officers would be free to tack a variety of baseless charges on to one valid charge with no risk of being held accountable for their excess.

*Id.* at 682-83 (internal citations omitted). It is thus clear that, for a false arrest claim, Plaintiff cannot parse the events that led to his arrest in the manner he seeks to do so here.

In conclusion, the Court finds that Plaintiff cannot bring a false arrest claim based on his arrest for trespass, since there was probable cause to arrest him for the closely related crime of resisting arrest. As such, Defendants' Motion to Dismiss Count IV is granted.

### C. Equal Protection

A plaintiff bringing an equal protection claim must allege that the defendant's actions "had a discriminatory effect and were motivated by a discriminatory purpose." *Chavez v. Illinois State Police,* 251 F.3d 612, 635-36 (7th Cir. 2001). Proving such discriminatory effect requires a plaintiff to show that he: (1) is a member of a protected class; (2) is otherwise situated similarly to members of the unprotected class; and (3) was treated differently than members of the unprotected class. *Id.* However, when an equal protection claim arises out of the same incident as a false arrest claim, the existence of probable cause bars the plaintiff from bringing the equal protection claim, "as the existence of probable cause necessarily means that there was

- 9 -

a legitimate reason to arrest [the plaintiff]." *Williamson v. Curran,* 714 F.3d 432, 449 (7th Cir. 2013).

For the reasons addressed earlier, Plaintiff's conviction for resisting arrest establishes conclusively the existence of probable cause. Therefore, Plaintiff's equal protection claim is barred for the same reasons outlined above. Accordingly, Defendants' Motion to Dismiss Count V of Plaintiff's Complaint is granted.

## IV. CONCLUSION

For the reasons stated herein, the Motion to Dismiss Counts IV and V [ECF No. 21] of Defendants Thomas Doggett and George Gramme is GRANTED.

**IT IS SO ORDERED.**

                                                    _____
                                                    Harry D. Leinenweber, Judge
                                                    United States District Court

Date: January 10, 2014